COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


MARILYN SHEPHERD-CARPER

                                    MEMORANDUM OPINION*
v.    Record No. 1935-99-3              PER CURIAM
                                     FEBRUARY 8, 2000
ROANOKE CITY DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                       Jonathan M. Apgar, Judge

              (L. Brad Braford; L. Brad Braford, P.C., on
              brief), for appellant.  Appellant submitting
              on brief.

              (William M. Hackworth, City Attorney;
              Allen T. Wilson, Assistant City Attorney, on
              brief), for appellee.  Appellee submitting on
              brief.


      Marilyn Shepherd-Carper (mother) filed an appeal from a

decision of the circuit court setting out certain provisions

concerning visitation with her children.  On appeal, mother argues

that the trial court erred by placing her children with Sylvia H.

Shepherd, their maternal grandmother, without requiring the

Roanoke City Department of Social Services (DSS) to conduct a home

study.  For the reasons stated below, we find that mother's appeal

raises no issue that we may address.  We therefore remand this

matter to the circuit court.

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The juvenile and domestic relations district court entered two orders removing the children from mother's custody due to her incarceration. Mother appealed those orders to the circuit court. At trial, however, mother stipulated that the emergency removal of her children into the custody of DSS was reasonable.

The order from which this appeal was taken did not award custody to the grandmother. The written statement of facts contained in the record on appeal indicates that orders awarding custody were entered in the companion cases identified as CH98-480 and CH98-482. Those cases were not appealed. Therefore, the question raised by the mother concerning the placement of her children with the grandmother was not brought before this Court by the appealed order.

DSS contends that this appeal is moot because mother was released from incarceration on or about November 15, 1999. DSS also asserts that the question of the children's custody was resolved in other cases and is not at issue in this appeal.

We agree with DSS that mother's appeal does not place the question of custody properly before this Court. Whether mother's release from incarceration moots the basis for grandmother's custody is a matter to be resolved by the circuit court. Therefore, we remand the matter to the circuit court for any further proceedings deemed necessary.

Remanded.